BARCUS *v.* WAYNE AUTOMOBILE CO.

1. SALES—CONTRACTS—BREACH—DIRECTING VERDICT—TRIAL.
   Correspondence between the vendor and vendee of automobile gears, showing a contract and an attempt to reduce the number ordered, was properly adjudged, as a matter of law, by the court, to constitute a breach of contract.

2. DAMAGES—VALUE—BREACH OF CONTRACT.
   It was error to hold that, as a matter of law, the plaintiff could recover the cost of the finished gears and profits less the value of the property as mere junk, where the defendant offered evidence tending to show a higher value.

Error to Wayne; Donovan, J. Submitted April 18, 1910. (Docket No. 32.) Decided July 14, 1910.

Assumpsit by George Barcus and Albert B. Rowley, copartners as the Gemmer Engine Company, against the Wayne Automobile Company for breach of a contract of sale. A judgment for plaintiffs on a verdict directed by the court is reviewed by defendant on writ of error. Reversed.

*Denton Guinness*, for appellant.

*Bowen, Douglas & Eaman*, for appellees.

MOORE, J. Plaintiffs sued defendant for the breach of a contract referred to later. The judge directed a verdict for the plaintiff. The case is brought here by writ of error.

On October 30, 1906, the Wayne Automobile Company ordered from the Gemmer Engine Company, of Wabash, Ind., 500 steering gears at a price of $26 each, deliveries to be made at the times stated in the contract. Three hundred of the gears were delivered and paid for. The unfinished parts of the remaining 200 gears are boxed at the place of

business of the Gemmer Engine Company.   On April 11, 1907, the Wayne Automobile Company wrote Brandenburg & Company, the selling agents of plaintiff, stating they wanted the Gemmer Engine Company instructed to reduce the order for steering gears from 500 to 300.   Other correspondence followed which it is not necessary to incorporate in this opinion.

Error is assigned upon two propositions:

(1) The court erred in holding as a matter of law that under the testimony in this case the defendant was liable to plaintiff.

(2) The court erred in refusing to permit the jury to consider and determine the question of the value of the different materials, labor, and parts, as specified in plaintiff's bill of particulars.

As to the first of these propositions, it may be said that the correspondence which appears in the record, and which was for the construction of the court, clearly indicates a breach of the contract, from which liability would follow.   It was not error to so hold.

As to the second proposition:   The plaintiffs charged defendant for the cost of labor and material which had entered into the unfinished gears, amounting to $1,200.12. They also charged defendant with anticipated profits amounting to $468, from which amounts was deducted the sum of $141, which plaintiffs say was the value of the unfinished gears, treating them as having no more value than so much junk.   The judge accepted the view of plaintiffs, which view defendant insisted was incorrect. The defendant introduced testimony as to values and sought to take the judgment of the jury upon that feature of the case.   In the examination of the manager of the plaintiff company appears the following:

"*Q.* Is it not a fact that the reason they did not take them over is they had an exorbitant price upon them?

"*A.* No, I would not say that; the Gemmer Manufacturing Company could not use them, unless they had a customer actually on hand for them.

"*Q*. Did they not have some talk about making up these gears for the Wayne Company?

"*A*. There was some talk of the three companies trying to get together, just as the two companies. They tried to get together.

"*Q*. There was quite a little correspondence about it?

"*A*. Some.

"*Q*. You came up here to Detroit about it, did you not?

"*A*. No, I do not believe I did.

"*Q*. Is not that the reason that you did not take them over, is because you put too high a price upon them?

"*A*. No, sir; they would be of no value to the Gemmer Manufacturing Company unless the Wayne Company would take them.

"*Q*. You have already stated that the Wayne Company talked about taking them?

"*A*. Yes, sir.

"*Q*. They wanted them?

"*A*. Yes, sir.

"*Q*. They wanted gears?

"*A*. Yes, sir.

"*Q*. Don't you know they had to go out and buy other gears?

"*A*. Yes, sir.

"*Q*. Do you remember it was on account of that, your high price, that the Gemmer Manufacturing Company would not take them over?

"*A*. No, sir; I would not say the Gemmer Manufacturing Company could not use them unless the Wayne Automobile Company specified these parts."

The question of values and of the damage sustained were questions of fact and should have been submitted to the jury.

Judgment is reversed, and new trial ordered.

OSTRANDER, HOOKER, MCALVAY, and STONE, JJ., concurred.